Owen McGivern, J.
Defendants Arthur E. Bysshe and William F. Fitzgerald, 2 of 16 defendants joined in a stockholders’ derivative action, move this court for an order directing the entry of a judgment dismissing the complaint and action as against them, pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice, by reason of plaintiff’s failure to prosecute. Issue was joined on March 27, 1957 by the service of the answer of these defendants. Plaintiff has failed to serve and file a note of issue and has further failed to take any action in the prosecution of this litigation. Later cases than this have now been reached for trial in regular order and on the calendar for which a note of issue could have been served and filed. The General Equity Calendar of this court for June 22, 1959 did in fact include issues of May, 1959, more than two years junior to the issue in this case.
The gravaman of the unverified complaint against the moving defendants is that they were part of a group which in 1953 had control of Camden Forge Company, the company on whose behalf plaintiff purports to bring this suit, and that this group negotiated for a premium and a profit with one Lowell Birrell, then chairman of the board of United Dye & Chemical Corporation, for the sale of substantially all of the stock of Camden Forge Company to United Dye & Chemical Corporation, a principal defendant. Further, that this “ sellout ” and consequential control of the assets of Camden Forge also led to a maneuver which installed Birrell into office, whereupon “history repeated itself” with the wrecking of Camden Forge. The matters alleged in the complaint to be wrongs to Camden Forge were committed after United Dye & Chemical had acquired 97% or more of the stock of Camden Forge; and the alleged wrongs are ascribed by the complaint to United Dye & Chemical Corporation and its management as the primary defendants. The 1 ‘ sell-out ’ ’ relied on as a ground of complaint was in fact a sale by substantially all of the stockholders of Camden Forge of their stock at a uniform price for all stockholders of $17.50 a share. The complaint admits that only five years earlier large amounts of the stock could be and were acquired when the market price was about $6 a share. It now appears from the affidavit in support of this motion that the price offered was actually higher than the highest price quoted *55 on the, stock in, the preceding month and that it was more than the book value of the stock. The moving defendants are further charged with failing to investigate the background of Birrell and his associates who, as pleaded in the complaint, were charged in at least 15 publicized lawsuits with diversion of corporate funds and who were identified with companies which became bankrupt during their administration.
The plaintiff in his affidavit in opposition to this, motion concedes the “ actual wreckers of Camden Forge are Birrell and his associates ” yet he would hold the moving defendants liable because ‘ ‘ for profit, they turned the Company over to Birrell with constructive notice of Birrell’s background and intentions ” (emphasis supplied). Even if this be an adequate-theory upon which to ground liability against the moving defendants, there is no reason why they should be prejudiced by extraordinary delay in prosecution simply because plaintiff asserts inability to. serve the defendant Birrell and some of his associates with copies of the summons and complaint. Seizure by plaintiff of argument predicated upon news accounts of Birrell’s refuge in Brazil fails to account for the failure to assert what efforts were affirmatively made to serve him or have him voluntarily appear. Defendants assert that in a parallel action which was dismissed on June 3, 1959 by Mr. Justice Samuel M. Gold (Tropper v. Bysshe) he was served or voluntarily -appeared.
The failure to serve Birrell. cannot be used as an excuse for keeping the action alive as to the moving defendants. Furthermore, this is a case in which a motion for security, under section 61-b of the General. Corporation Law, would be granted inasmuch as 98% of the stock of Camden Forge Company is owned by United Dye & Chemical Corporation, and it is clear that there is no possibility that either 5% of stock or $50,000. in market value, can join as plaintiffs in the action (see Tropper v. Bysshe, 4 N Y 2d 397 [1958]). For the same- reason any possible recovery in this case would go to United Dye & Chemical Corporation, a principal defendant., The financial condition of this defendant, an alleged primary wrongdoer, indicates that tins is not a ease where delay in prosecution is. sought to be- justified because of inability to effect service upon a financially responsible party.
Accordingly, the defendants’ motion is granted,, and the complaint and action as against the defendants Arthur E. Bysshe and William F. Fitzgerald is dismissed.